MR. CHIEF JUSTICE TURNAGE,
concurring with the dissent of MR. JUSTICE GULBRANDSON:
The Workers’ Compensation Court is required to follow Section 39-71-116(20), MCA, in determining the employee’s applicable wages based on his average gross earnings. There is no basis in the statute for a determination of wages in this case based upon an “earning capacity” test. The practical result of the majority opinion clearly is based on “earning capacity,” a test not authorized by statute.
On occasion criticism has been leveled at the court system for perceived excesses in workers’ compensation matters.
Whatever problems may exist should be put in proper context. In 1915 the Workers’ Compensation Act was enacted, and since that time, the legislature has amended it so many times the amendments are almost uncountable. A casual review of the present statutes presents a picture of little, if any, coordination and much by way of confusing and conflicting provisions. The court system can only interpret and apply the law as given it by the legislature. For the courts to assure justice in this background of statutory morass is nearly an insurmountable task.
Unless some major effort is made to provide a statutory scheme that will assure speedy and effective justice to the unfortunate injured workers, I fear that the competing interests of the employer, insurer and injured worker will sink only further into the low-lying boggy ground of our present statutory scheme, with the interest of the injured worker deserving just and fair compensation often overshadowed by litigation that will follow every claim as a shadow follows its substance.